## DENNING vs. SMITH.

ERROR from the New-York common pleas.    On the 15th March, 1826, Ira Smith presented a petition to the Hon. John T. Irving, first judge of the court of common pleas of the city of New-York, stating that the sloop or vessel called the General Pike, and the owners thereof, were justly indebted to the petitioner in the sum of $100 and upwards, and referred to an account annexed to the petition for the items of his demand, which consisted of charges for materials furnished and labor done for such vessel, amounting to the sum of $110,04.    The party made oath to his account, and the judge issued his warrant directed to the sheriff of the city and county of New-York, commanding him to attach, seize and safely keep the vessel, her tackle, apparel and furniture. The warrant was returnable on the third Monday of March. The sloop was attached, and on the 16th March, William H. Denning, described as owner of the sloop General Pike, with another person as surety, entered into a bond to the plaintiff, which was duly approved, conditioned to pay such judgment as should be recovered against the sloop and owners in the suit then pending between the plaintiff and the sloop and the owners thereof ; whereupon the sloop was discharged from the attachment, and permitted to proceed on her voyage.    The plaintiff declared, stating the attachment of the

In a proceeding under the statute authorizing the arrest of ships or vessels, &c. after the appearance of the owner, &c. and giving security, &c. judgment may be against the owner *personally* for the amount found due ; and the judgment will be sustained, though the sum found due to the plaintiff is less than the sum required to be sworn to, to authorize the issuing of the attachment.

It is not necessary that *the account* of the plaintiff should be set forth in the record of judgment.    It is sufficient that it be annexed to and filed

with the declaration.    Although the evidence produced before the referees be set forth in their report entered on the record, this court will not review the doings of the referees.    If they erred, the remedy of the party complaining was by application to the court below.

vessel, and alleging work to have been done, and materials to have been furnished for her, at the request of William H. Denning, owner, and averring demand of payment and refusal; to which declaration was annexed the account of the plaintiff. The defendant, William H. Denning, owner of the sloop General Pike, pleaded that the plaintiff did not at his request do and perform the work and labor, nor find and provide the materials, &c. in the declaration mentioned; whereof he put himself upon the country, and added a similiter. To the plea was attached a notice that the plaintiff was indebted to one Henry Johnson, in his life time, in the sum of $500 for money had and received, and that the work and labor done, and materials furnished by the plaintiff, were done and furnished on account of such indebtedness, and was thereby paid and satisfied. At the May term, 1826, of the common pleas, the cause was referred to three referees, who, in June, 1826, reported that the plaintiff did, at the request of the owner of the sloop, do and perform the work and labor, &c. and find and provide the materials, &c. and that there was due to the plaintiff for the same from the sloop and William H. Denning, owner, $72,04, besides his costs and charges, &c.; to which report they annexed the evidence in the cause. The report was confirmed, and the common pleas gave judgment "that the said plaintiff do recover against the said William H. Denning, the owner of said sloop as aforesaid, the said sum of seventy two dollars and four cents in form aforesaid reported, and also sixty four dollars and thirty cents for his costs and charges by the court now here adjudged to the said plaintiff, and with his assent; which said damages, costs and charges in the whole amount to one hundred and thirty six dollars and thirty four cents, to be levied according to the form of the statute in such case made and provided; and the said William H. Denning, the owner of said sloop, in mercy," &c. To reverse this judgment, the record and proceedings were removed into this court by certiorari. The plaintiff in error, besides the general assignment, specially assigned for error, that by the record it does not appear that the account of the plaintiff was annexed to the declaration.

*H. W. Warner*, for plaintiff in error. There was a fatal variance between the declaration and the proof. The declaration stated the work to have been done, &c. at the request of *Denning ;* the proof shewed it to have been done at the request of *Johnson*, who was a joint owner with Denning in the sloop, as appears from the evidence returned by the referees.

The judgment being against Denning *personally*, is erroneous. The proceeding being *in rem*, the judgment should have been " that the vessel remain liable," &c. for the damages and costs, as was the judgment in 3 *Caines*, 38. According to the course pursued by the plaintiff, the bond required by the statute is a nullity. Had the plaintiff taken a judgment against the vessel, he might then have resorted to a prosecution of the bond to obtain satisfaction ; whereas, instead of doing so, he has taken a judgment, in the first instance, against the *person*, which, in this proceeding, he is not entitled to do.

The result of the investigation of the accounts shews that the plaintiff was not entitled to this remedy. A creditor, unless his demands amount to $100, is not entitled to proceed against a vessel under the statute, by virtue of which, these proceedings were had. The demand of the plaintiff was ascertained to be less than $100.

*P. Ruggles*, for defendant in error. The common pleas regularly obtained jurisdiction of the cause, and their proceedings cannot become *coram non judice* by the plaintiff failing to establish the full amount of his demand.

After the appearance of the master, owner or consignee, and the giving of the bond prescribed by the statute, (1 *R. L.* 131,) the proceeding *in rem* ceases, and the suit is then prosecuted *in personam*. The giving of the bond is equivalent to filing special bail in a personal action. The subsequent proceedings are virtually against the party appearing. Had a bond not been given, the judgment should have been against the vessel, as in the case in *Caines ;* but a bond having been given, the vessel was discharged, and a judgment that she remain liable would have been a nullity, unless followed up by a suit on the bond. This the court will not re-

quire, if satisfaction can be obtained by a judgment in the first suit. The party here has taken his judgment against the owner, and the court will not disturb it.

Denning and Johnson being partners, the assumpsit of one was the assumpsit of the other. The referees, therefore, were warranted in the report they made.

*By the Court,* SAVAGE, C. J. The referees to whom the cause in the court below was referred annexed to their report the evidence as it appeared before them ; but, as that properly forms no part of the record, there being no bill of exceptions, that evidence, and the questions decided by the referees, are not judicially before us. If the referees erred in any matter of law or fact, the proper remedy was by application to the court below to set aside their report.

The errors assigned in the record are, 1. That the declaration is insufficient ; 2. That the plaintiff's account should have been annexed to the declaration and set forth in the record. Two other points were made upon the argument : 1. That the judgment is improperly entered against the plaintiff in error personally ; 2. That the amount reported by the referees is insufficient to warrant any judgment in this mode of proceeding. The proceedings before declaration are not complained of, and are therefore conceded to be regular.

The statute directs that the declaration shall set forth briefly the plaintiff's demand, and allege work to have been done, and articles to have been furnished at the request of the owner, master or consignee, averring a demand and refusal, and that the accounts of the respective plaintiffs shall be annexed to the declaration. The declaration in this case contains all that the statute requires. The account was annexed thereto and filed with the declaration, as appears by the return to the certiorari : but it is not set forth in the record ; nor is it required by the act that it should be so forth, nor can it be necessary.

The next objection is, that judgment should not have been entered *personally* against the owner. The act of 1817, (*Statutes,* 4th vol. c. 49,) provides, that on the bond being given, the lien on the vessel ceases immediately. Until the bond is given, the proceeding is *in rem,* but when the

vessel is discharged, I apprehend the proceeding is *in person-*
*am.* Why should the plaintiff any longer proceed against the
vessel? It is no more subject to an execution upon a judgment
to be obtained than any other property of the owner. The ves-
sel is discharged from the attachment by the substitution of the
owner; and, it seems to me, that thenceforward there is no
use in proceeding against the vessel. Suppose the plaintiff
should continue the suit against the vessel alone, for what
will he have execution? The vessel is gone, and may nev-
er return, as this proceeding may be had against foreign ves-
sels as well as others. The suit does not abate by the own-
er's entering into bonds, because the accounts may be refer-
red, and proceedings had, as in any other referrable case.
Who, then, is to be the defendant? Not the vessel; she is
discharged from the attachment, and the lien thereby crea-
ted. The owner, master or consignee who executes the
bond, from necessity becomes the defendant, and the subse-
quent proceedings must be against him. It is usual to con-
tinue the proceedings against the vessel, together with the
owner, &c. and though it may not vitiate, yet it seems to me
useless.

The only remaining objection is, that the report is for a
sum less than must be sworn to, to authorize an attachment.
It seems to be an answer to say, that the statute supposes
less may be recovered than the amount sworn to, else why
refer at all, but that the accounts may be contested? There
is nothing in the act to countenance the idea, that if less is
reported due, the court loses its jurisdiction. The account
sworn to gives jurisdiction, and authorizes the proceeding,
and afterwards the suit proceeds as other suits, with the ex-
ceptions to be found in the statute itself. Upon the pro-
ceedings of the referees I give no opinion.

I am of opinion that the judgment of the common pleas be
affirmed.